UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

FRANCIS MATTHEW FITZGERALD,

        Plaintiff,

v.

HEWLETT PACKARD,

        Defendant.

Case No. 1:09-cv-700

Honorable Robert Holmes Bell

**MEMORANDUM OPINION**

      This is a civil action brought by a *pro se* plaintiff against Hewlett Packard Corporation. Plaintiff's seventeen-page complaint purports to allege a violation of his Fourth Amendment rights, arising from Hewlett Packard's alleged illegal video surveillance of plaintiff's home and tapping of his cell phone. This conduct is alleged to have taken place between May 15, 2006, and June 26, 2007, while plaintiff was employed by Hewlett Packard in Colorado Springs, Colorado.

      The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, P̲UB̲. L. No. 104-134, 110 S̲TAT̲. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section

1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325.

In deciding whether the complaint states a claim, the court applies the standards applicable to Rule 12(b)(6) motions. The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), *cert. denied*, 128 S. Ct. 1876 (2008). The court need not accept as true legal conclusions or unwarranted factual inferences. *DirecTV*, 487 F.3d at 476. *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

Plaintiff's complaint is not a model of clarity. It essentially consists of seventeen pages of a stream-of-consciousness narrative, beginning with the plaintiff's hiring at the Hewlett Packard facility in Colorado Springs, Colorado, in May of 2006, continuing with a chronicling of

problems he experienced with co-employees and supervisors and ending with the accusation that Hewlett Packard had tapped his phone and subjected him to video surveillance in his Colorado Springs apartment. Plaintiff requests an investigation "to see if any proof can be found of my human rights being violated." (Compl. at 17, docket # 1).

Plaintiff's allegations of facts, accepted as true, fail to state a claim upon which relief can be granted for violation of his Fourth Amendment rights. The Fourth Amendment to the Constitution prohibits the federal government and its agents from conducting unreasonable searches and seizures. By reason of the Fourteenth Amendment, the Amendment's prohibitions also apply to the actions of the states. *See Ker v. State of California*, 374 U.S. 23, 30 (1963). The Fourth Amendment is, however, wholly inapplicable to a search or seizure, even an unreasonable one, effected by non-governmental entities, such as private individuals or corporations, as long as they are not acting as an agent of the government or with the participation of any governmental official. *See United States v. Jacobsen*, 466 U.S. 109, 113-14 (1984).

Plaintiff's complaint alleges only action by Hewlett Packard and its employees; no state or federal agent is alleged to have been involved. Therefore, whatever happened to plaintiff in Colorado at the hands of Hewlett Packard and its employees may have abridged Colorado law, but did not contravene the guarantees of the Fourth Amendment. Plaintiff's claims must therefore be adjudicated in the state or federal courts in Colorado, applying Colorado law, not a federal district court sitting in Western Michigan. For the foregoing reasons, the court concludes that plaintiff's complaint fails to state a claim upon which relief can be granted under the Fourth Amendment. The

complaint will therefore be dismissed.  Plaintiff will be denied leave to appeal *in forma pauperis*, as the court determines that any appeal would be indisputably meritless.  28 U.S.C. § 1915(a)(3).


Dated:  August 14, 2009                             /s/ Robert Holmes Bell
                                                          ROBERT HOLMES BELL
                                                          UNITED STATES DISTRICT JUDGE